UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EZRA STOKES | CIVIL ACTION |
| VERSUS | NO. 09-8427 |
| ST. TAMMANY SHERIFF<br>DEPARTMENT COVINGTON, ET AL. | SECTION: "S"(3) |

## PARTIAL REPORT AND RECOMMENDATION

Plaintiff, Ezra Stokes, a state prisoner, filed this *pro se* complaint against the St. Tammany Parish Sheriff's Office and Dr. French. Plaintiff claims that he has not been provided with adequate medical care at the St. Tammany Parish Jail.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> 
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted), cert. denied, 128 S. Ct. 1230 and 1231 (2008).

Although broadly construing the instant complaint,[1] the Court nevertheless finds that plaintiff's claims against the St. Tammany Parish Sheriff's Office should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted. "[A] sheriff's office is not a legal entity capable of being sued ...." Cozzo v. Tangipahoa Parish Council–President Government, 279 F.3d 273, 283 (5th Cir. 2002); see also Campbell v. St. Tammany Parish Sheriff's Office, Civ. Action No. 09-3143, 2009 WL 1107251, at *1 (E.D. La. Apr. 23, 2009); Wetzel v. St. Tammany Parish Jail, 610 F.Supp.2d 545, 548 (E.D. La. 2009); Smith v. St. Tammany Parish Sheriff's Office, Civ. Action No. 07-3525, 2008 WL 347801, at *2 (E.D. La. Feb. 6, 2008); Causey v. Parish of Tangipahoa, 167 F.Supp.2d 898, 904 (E.D. La. 2001); Ruggiero v. Litchfield, 700 F.Supp. 863, 865 (M.D. La. 1988).[2]

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims against the St. Tammany Parish Sheriff's Office be **DISMISSED WITH PREJUDICE** as frivolous and for otherwise failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[2] This Partial Report and Recommendation does not address plaintiff's claims against Dr. French. At least at this point, those claims should be allowed to proceed.

court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[3]

New Orleans, Louisiana, this fifth day of February, 2010.

 

DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE

---

[3] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.