UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EZRA STOKES | CIVIL ACTION |
| VERSUS | NO. 09-8427 |
| ST. TAMMANY SHERIFF<br>DEPARTMENT COVINGTON, ET AL. | SECTION: "S"(3) |

### ORDER AND REASONS

Plaintiff, Ezra Stokes, filed this *pro se* complaint against the St. Tammany Parish Sheriff's Office and Dr. French. Plaintiff claimed that he was not provided with adequate medical care while incarcerated at the St. Tammany Parish Jail.[1]

On March 5, 2010, the claims against the St. Tammany Parish Sheriff's Office were dismissed.[2] The remaining parties have since consented to the jurisdiction of the undersigned United States Magistrate Judge.[3]

Dr. French has now filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56.[4] Plaintiff opposes that motion.[5]

---

[1] After filing this lawsuit, plaintiff was transferred from that facility. He is currently incarcerated at a federal prison in Mississippi. Rec. Doc. 32.

[2] Rec. Doc. 6.

[3] Rec. Doc. 21.

[4] Rec. Doc. 38.

[5] Rec. Docs. 43 and 44.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). In reviewing a motion for summary judgment, the Court may grant the motion when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

"Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001). The Court has no duty to search the record for evidence to support a party's opposition to summary judgment; rather, "[t]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim." Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment. Id.; Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996).

In his motion for summary judgment, Dr. French argues that the claims against him must be dismissed because plaintiff failed to exhaust his administrative remedies. For the following reasons, the Court finds that Dr. French is correct.[6]

The Prison Litigation Reform Act of 1995 ("PLRA"), as amended, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that "an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). The United States Fifth Circuit Court of Appeals has noted that "[q]uibbles about the nature of a prisoner's complaint, the type of remedy sought, and the sufficiency or breadth of prison grievance procedures were laid to rest in Booth." Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). Exhaustion is *mandatory* in cases covered by § 1997e(a). Porter v. Nussle, 534 U.S. 516, 524 (2002).

In support of his motion, Dr. French submitted the affidavit of Lieutenant David Hanson. In that affidavit, Hanson summarized the St. Tammany Parish Jail's administrative remedy procedure:

> 4.  The St. Tammany Parish Jail implemented an Inmate Complaint Procedure in place and available to all inmates at the St. Tammany Parish Jail at the time the events in the above captioned lawsuit occurred.

---

[6] Because the Court agrees that this lawsuit must be dismissed based on plaintiff's failure to exhaust his administrative remedies, the Court need not address the alternative ground for dismissal asserted by Dr. French in his motion.

5. The Inmate Complaint Procedure was implemented in order for inmates to try to resolve their problems before filing a grievance through the jail's administrative remedy procedure.

....

7. If an inmate's complaint is not remedied through the inmate complaint procedure, the inmate may then proceed to the jail's official grievance process, which is called the Administrative Remedy Procedure.

8. The St. Tammany Parish Jail has an administrative grievance process called the Administrative Remedy Procedure (ARP) in place and available to all inmates incarcerated at the St. Tammany Parish Jail and was available to all inmates at the time the events alleged in the above captioned lawsuit occurred.

9. All inmates are entitled to use the jail's administrative remedy procedure, including Department of Corrections inmates, parish jail inmates, and pre-trial detainees.

10. A summary of the jail's administrative remedy procedure may be found in the St. Tammany Parish Jail Inmate Handbook that is given to every inmate who is booked into the St. Tammany Parish Jail....

11. A copy of the complete administrative remedy procedure may also be found in the St. Tammany Parish Jail law library wherein access to the procedure is available to all inmates and was available to all inmates.

12. Both the Inmate Complaint Procedure and the Administrative Remedy Procedure were posted in every housing unit of the St. Tammany Parish Jail.

13. The complaint form and grievance forms were available in every housing unit at the St. Tammany Parish Jail and were made easily accessible to all inmates.

14. An inmate could also ask any jail deputy for the complaint or grievance forms.

15. To initiate the grievance process, an inmate must fill out the inmate grievance form, which is made easily accessible to all inmates in the jail. In lieu of the form, an inmate may submit a written communication containing the words "This is a grievance though the ARP."

16. Under the grievance procedure available at the time of the alleged incident, a grievance must be filed within ninety (90) days from the date the incident giving rise to the grievance occurred. Any grievance filed more than ninety (90) days after the incident is rejected as untimely.

17. As the Inmate Affairs Director, I am the First Level Respondent in the grievance process. As the First Level Respondent, I must respond to the inmate's grievance within fifteen (15) days from the date the request is referred to me. This step is designated as the First Step Review.

18. If an inmate is not satisfied with the results of the First Step Review, the inmate may appeal to the Warden within five (5) days of the inmate's receipt of the response by the First Level Respondent. This step is designated the Second Step Review. The Warden has twenty-five (25) working days to reply to the appeal.

19. If an inmate does not like the results of the Second Step Review, the inmate may appeal to the Sheriff within five (5) days of the inmate's receipt of the reply. The Sheriff has forty (40) working days to reply to the appeal.

20. If the inmate is not satisfied with the results of this final level of review of the jail's administrative grievance process, he may then file suit.

21. The inmate, Warden, or Sheriff may request a five (5) working day extension of time in responding to the grievance.

22. If an inmate does not receive a response to a grievance or appeal within the time allowed by the First Level Respondent, Warden or the Sheriff, an inmate would still be required to follow through to the next step of the grievance process.

....

24. Any complaint or grievance submitted by an inmate concerning medical treatment is referred directly to the medical department and a member of the jail medical staff promptly responds to the complaint or grievance.

25. If an inmate is not satisfied with the response to the grievance given by the medical staff, the inmate may appeal to the Warden and if he is still not satisfied with the response, he may then appeal to the Sheriff.

> 26. Inmate Ezra Lamond Stokes never filed any grievance concerning medical treatment as required under the St. Tammany Jail's Administrative Remedy Procedure and therefore, never appealed any such grievance to the Warden or Sheriff.
>
> 27. Inmate Ezra Lamond Stokes did not exhaust all his administrative remedies as required by the St. Tammany Parish Jail Administrative Remedy Procedure concerning his denial of proper medical treatment claim prior to filing his lawsuit.[7]

Dr. French also submitted an affidavit from Dr. Richard Inglese, the Medical Director of the St. Tammany Parish Sheriff's Office. Dr. Inglese stated:

> 5. I have personally reviewed the St. Tammany Parish Jail Medical Records of inmate Ezra Lamond Stokes, and the records in the medical department of the St. Tammany Parish jail concerning grievances under the Administrative Remedy Procedure.
>
> 6. Inmate Ezra Lamond Stokes never submitted a grievance concerning the medical treatment he was receiving at the St. Tammany Parish Jail.[8]

Plaintiff appears to dispute the contention that he failed to file a grievance concerning his claims. For example, he stated in his federal complaint that he filed such a grievance on November 3, 2009, although a copy of that grievance was unavailable.[9]

Nevertheless, the existence of that disputed factual issue is ultimately immaterial and does not defeat defendant's motion. Even if plaintiff submitted a first-step grievance as he alleges, it is *undisputed* that he did not proceed through appellate steps of the jail's grievance procedure. In fact,

---

[7] Rec. Doc. 38-4, Affidavit of Lieutenant David Hanson.

[8] Rec. Doc. 38-5, Affidavit of Dr. Richard Inglese.

[9] Rec. Doc. 1, p. 3, § II(B) and (C)(1).

6

he stated in his complaint that "medical have no appeals";[10] however, as Dr. French has shown, that is untrue.

It is plaintiff's failure to pursue his grievance through all steps of the administrative remedy procedure which is determinative in this case. As the United States Fifth Circuit Court of Appeals has noted: "'Exhaust' is defined as 'to take complete advantage of (legal remedies).'" Underwood v. Wilson, 151 F.3d 292, 294 (5th Cir. 1998) (quoting Webster's New Int'l Dictionary 796 (3rd ed. 1981)). Therefore, a plaintiff's administrative remedies are not exhausted unless he has pursued his grievance through the *conclusion* of a multi-step administrative remedy procedure. Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001); see also Hemphill v. Inglese, 359 Fed. App'x 537, 540 (5th Cir. 2010) ("[C]omplying with the first step of an administrative grievance procedure will not suffice to exhaust administrative remedies if the grievance procedure contemplates additional steps."). Accordingly, the fact that plaintiff may have initiated the procedure is simply insufficient to constitute exhaustion, because he failed to pursue the procedure to its conclusion.

The Court notes that plaintiff attempts to excuse his failure by claiming that the administrative remedy procedure is "a sham."[11] However, the United States Supreme Court has made clear that the quality of a jail's grievance procedures is immaterial; such procedures "need not meet federal standards, nor must they be plain, speedy, and effective." Porter v. Nussle, 534 U.S. 516, 524-25 (2002) (quotation marks omitted); see also Alexander v. Tippah County, Mississippi, 351 F.3d 626, 630 (5th Cir. 2003) ("[I]t is not for the courts to inquire whether administrative

---

[10] Rec. Doc. 1, p. 3, § II(C)(2).

[11] Rec. Doc. 44, p. 3.

7

procedures satisfy minimum acceptable standards of fairness and effectiveness. Under § 1997e(a), a prisoner must exhaust such administrative remedies as are available, whatever they may be." (citation and quotation marks omitted)). Further, exhaustion is not excused by a prisoner's belief that no relief will be granted and that the procedure is an exercise in futility. It is clear that "[f]utility is not an exception to the exhaustion requirement." Fontenot v. Global Expertise in Outsourcing, 232 Fed. App'x 393, 394 (5th Cir. 2007); see also Booth v. Churner, 532 U.S. 731, 741 n.6 (2001) ("[W]e will not read futility or other exceptions into the statutory exhaustion requirements.").

The Court is likewise unpersuaded by plaintiff's allegations that the St. Tammany Parish Jail's administrative remedy procedure is vague and difficult to discover, understand, and navigate. The unrebutted evidence submitted in support of the motion for summary judgment proves otherwise. While the multi-step procedure is arguably lengthy and inconvenient, it is not unduly vague or difficult.

This Court is aware that prisoners who submit administrative grievances at times have their efforts frustrated by unhelpful and unresponsive prison officials, although the Court expresses no opinion as to whether such a situation was present in this matter. Nevertheless, the fact remains that Congress has provided that exhaustion of such remedies is required. If the federal courts were to allow inmates to circumvent available administrative procedures by proceeding directly to federal court, the goals and benefits of the exhaustion requirement would be undermined. As the United States Supreme Court noted:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections

> officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might "filter out some frivolous claims." And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

Porter, 534 U.S. at 524-25 (citations omitted).

Because plaintiff failed to pursue his administrative remedies to conclusion, thereby giving the jail officials a fair opportunity to consider and possibly resolve his claims without litigation, it is not appropriate for this Court to consider those claims.

Accordingly, defendant's motion for summary judgment is **GRANTED**, and plaintiff's claims against Dr. French are dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, based on his failure to exhaust his administrative remedies.[12]

New Orleans, Louisiana, this twentieth day of January, 2011.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[12] If an inmate files in federal court an *in forma pauperis* complaint containing claims that have not been exhausted through available administrative remedies, those claims should be dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. See Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998); Fitch v. Louisiana Department of Public Safety & Corrections, Civ. Action No. 08-cv-1126, 2009 WL 1076749, at *3 (W.D. La. Apr. 20, 2009). Plaintiff filed this lawsuit *in forma pauperis*. See Rec. Docs. 2 and 3.